IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRELL R. JONES,

     Plaintiff,

     v.

CITY OF WICHITA,

     Defendant.

Case No. 20-1131-JAR-KGG

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Kenneth G. Gale's Report and Recommendation for Dismissal and Recommendation of Filing Restrictions (Doc. 5), to which Plaintiff Terrell R. Jones has filed Objections.[1] As explained more fully below, after a *de novo* determination upon the record pursuant to Fed. R. Civ. P. 72(b), the Court accepts as its own the recommended decision to dismiss this case under 28 U.S.C. § 1915(e)(2)(B). The Court declines at this time to impose filing restrictions.

Judge Gale granted Plaintiff leave to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint must be reviewed and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek monetary relief against a defendant who is immune, the court must dismiss the case. It is well-established that:

> Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In

---

[1] Docs. 6, 7, 8.

addition, we must construe a *pro se* appellant's complaint liberally.[2]

Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[3]

In applying § 1915(e)(2) to pleadings of a *pro se* litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[4] The court's role is not, however, to act as a *pro se* litigant's advocate.[5] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[6] Dismissal is appropriate when "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[7]

Plaintiff is a music artist who resides in Wichita, Kansas. His Complaint alleges that the City of Wichita has made "hints" that it may charge or arrest him if he leaves the city to further his music career. He alleges this has caused him mental, emotional, and reputational harm, and made it difficult for him to secure employment. Plaintiff alleges jurisdiction under 28 U.S.C. § 1343 based on the violation of his civil or equal rights, privileges, or immunities.

---

[2] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[3] *See Jones v. Barry*, 33 F. App'x 967, 971 (10th Cir. 2002).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[5] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[6] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); s*ee also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 952 F.2d 363, 365 (10th Cir. 1991)).

Judge Gale explained in his Report and Recommendation of dismissal that Plaintiff's allegations fall short of an actionable claim because he merely alleges that something may happen to him in the future. In an attempt to clarify his claims and object to the recommended dismissal, Plaintiff submitted filings identifying his "causes of action," all of which arise under the Kansas Criminal Code: Harassment by Telephone under K.S.A. § 21-4113, Invasion of Privacy under K.S.A. § 21-6101, Criminal Defamation under K.S.A. § 21-4004, and Denial of Civil Rights under § 21-6102. But Plaintiff cannot maintain a private cause of action based on violations of the Kansas Criminal Code.[8] And to the extent Plaintiff attempts to raise these claims under 42 U.S.C. § 1983, they also fail because that statute only provides a cause of action for federal constitutional or statutory violations.[9] Accordingly, the Court agrees with Judge Gale's recommended disposition that this case be dismissed for failure to state a claim upon which relief may be granted.

Judge Gale also recommends filing restrictions be imposed that would limit Plaintiff's ability to file future cases. Judge Gale aptly notes that Plaintiff has filed several cases—seven in total—since the beginning of April, with overlapping allegations related to harassment and interference with his musical career. In all of these cases, Plaintiff was granted *in forma pauperis* status. Upon the filing of this Order, only two cases remain pending and the undersigned presides in both matters. The Court opts to screen these remaining cases under § 1915(e)(2) to the extent Plaintiff has been granted leave to proceed *in forma pauperis*. While the Court does not impose filing restrictions at this time, Plaintiff is warned that "the right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to

---

[8] *Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1128 (D. Kan. 2000).

[9] *See, e.g.*, *Dodds v. Richardson*, 614 F.3d 1185, 1193 (10th Cir. 2010).

the courts to prosecute an action that is frivolous or malicious."[10]  If Plaintiff continues to file lawsuits alleging the same frivolous claims after repeated orders explaining that his claims are not actionable, he may be subject to filing restrictions in the future.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that Judge Gale's Report and Recommendation (Doc. 5) is **adopted in part**.  This case is hereby dismissed.  The Court declines to impose filing restrictions at this time.

**IT IS SO ORDERED.**

Dated: June 19, 2020

                                                      S/ Julie A. Robinson
                                                     JULIE A. ROBINSON
                                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted)).

[11] *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2011) ("Injunctions restricting further filing are appropriate where (1) 'the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant 'must do to obtain permission to file an action'; and (3) the litigant received 'notice and an opportunity to oppose the court's order before it is instituted.'" (quoting *Tripati*, 878 F.2d at 353–54)).